FILED
U.S. DISTRICT COURT

2013 AUG 19 P 2:44

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for BARNES BANKING COMPANY, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE TRAVEL SERVICE, INC., a Utah corporation; and DOUGLAS D. BARNES, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 1:12-cv-88<br><br>Judge Dee Benson |

This matter is before the court on plaintiff Federal Deposit Insurance Corporation's Motion for Summary Judgment [Dkt. No. 15.] against defendants Salt Lake Travel Service, Inc., and Douglas D. Barnes, and defendants' Salt Lake Travel Service, Inc. and Douglas D. Barnes' Cross Motion for Summary Judgment [Dkt. No. 29.] against Federal Deposit Insurance Corporation. On March 6, 2013, the court heard oral argument on the plaintiff's Motion for Summary Judgment [Dkt. No. 15.]. Mr. David Scofield appeared on behalf of the defendants. Mr. Jared Asbury appeared on behalf of the plaintiff. On August 9, 2013, the court heard oral

1

argument on defendant's Cross Motion for Summary Judgment [Dkt. No. 29.]. Mr. David Scofield appeared again on behalf of the defendants. Mr. Jared Asbury appeared again on behalf of the plaintiff. Having considered the parties' arguments, memoranda, and the relevant law concerning the motions, the court enters the following Memorandum Decision and Order.

## BACKGROUND

The FDIC is suing Salt Lake Travel Service, Inc. and Douglas D. Barnes, to collect on a loan issued to Salt Lake Travel by Barnes Banking Company. In 2008, Salt Lake Travel obtained a line of credit with a $60,000 maximum withdrawal from the Bank. To obtain the line of credit, Salt Lake Travel provided the Bank with a promissory note. Additionally, Douglas Barnes personally guaranteed the promissory note and pledged as collateral 1,600 shares of the Bank Holding Company's stock, which he claims was then worth $252,000.00. As part of the guarantee agreement, Douglas Barnes waived his right to raise any claims or defenses arising from the bank's impairment of the pledged collateral. Salt Lake Travel made payments on the credit line as agreed and from time-to-time entered into amendments to the loan agreement. However, at the time of loan maturity, Salt Lake Travel did not pay the loan off as agreed, with a balance of $59,759.05. Shortly thereafter, the Bank became insolvent, was declared a failed financial institution by the State of Utah, and the FDIC was appointed receiver for the Bank. The insolvency, according to the FDIC in its litigation filings, was caused by the "willful mishandling" of the Bank by its directors and officers. The Bank was the holding company's only asset. Consequently, the value of Douglas Barnes' collateral was rendered worthless by the Bank's failure.

The FDIC, as receiver for the Bank, filed this suit to collect the outstanding debt on the line of credit. Defendants assert in defense an offset because the Bank caused the collateral (i.e., its own stock) to become worthless. The FDIC seeks a total of $86,850.16, representing the unpaid principal and interest. The FDIC is also seeking attorneys fees.

At the March 6, 2013 hearing on the plaintiff's motion for summary judgment, the court found liability against the defendants, reserving only on the question whether the defendant's defense of setoff has any merit.

## **DISCUSSION**

Plaintiff claims that defendant's set-off defense is unsupportable as a matter of law because it is based on an alleged impairment of the collateral, (Dkt. No. 35 at 2.) which was indisputedly waived by Douglas Barnes in the loan agreement.

Defendants claim that such a waiver is not allowed under Utah law. Plaintiff disagrees. (*See,* Utah Code Ann. § 70A-3-605(9).) Plaintiff acknowledges that debtors cannot waive a lender's duty to exercise commercial reasonableness, but argues that this unwaivable duty applies only to situations involving the disposition or sale of collateral, which they claim did not happen in this case. (*Id.* at 2-4.) In support of this argument, plaintiff points to two cases: *Seftel v. Capital City Bank*, 767 P.2d 941 (Ut. Ct. App. 1989) and *Continental Bank & Trust Co. V. Utah Sec. Mortg., Inc.*, 701 P.2d 1095 (Utah, 1985). (*Id.* at 3-4.) *Seftel* shows that a waiver of impairment is valid, and that a lender's willful conduct to impair collateral is "only taken into consideration when the language of the waiver does not exempt willful acts." (*Id.*)

3

The Utah Supreme Court's holding in *Continental Bank* is applicable and controlling here. As in this case, the lender in *Continental Bank* allowed the stock it held as collateral to become valueless before it decided to take any action on the collateral. 701 P.2d at 1097. The Utah Supreme Court ruled that the debtor was nevertheless legally defenseless in a collection suit because the debtor had waived the defense of impairment. *Id.* at 1098-99.

In every case defendants cite to show that courts have allowed a defendant to raise a defense despite a complete waiver of impairment, the relevant lender took some affirmative physical action on the collateral, such as foreclosing, selling, losing, or otherwise disposing of it. (*See* Dkt. No. 35 at 2.) In the present case, the lender never affirmatively acted on the collateral in any such manner. (*Id.* at 4.) Consequently, the court agrees with Plaintiff's statement that

> [T]he Utah Supreme Court has made it clear that in cases like *Continental Bank* and this case, where the collateral has not been given away, lost, sold, liquidated, destroyed, disposed of, repossessed, foreclosed, or misplaced, indeed where there has been no action taken on the collateral by the secured party, and all impairment has been waived, Defendants can provide no defense to reduce the amount owed under the Loan Documents.

(*Id.*)

## CONCLUSION

For the foregoing reasons, and those presented in the Plaintiff's briefs, Plaintiff's Motion for Summary Judgment is GRANTED. Defendants' Cross-Motion for Summary Judgment is DENIED. The defendants are ORDERED to pay the plaintiff $86, 850.16, plus plaintiff's attorney's fees.

4

DATED this 16th day of August, 2013.

                                                              Dee Benson
                                                              United States District Judge